### R. E. SAUNDERS v. JOHN IRELAND.

#### No. 489.

Principal and Surety.

A surety upon paying the debt of his principal, at once has the right of action to recover the amount so paid. His right does not depend upon the possession of the note or document evidencing the debt. An attachment to secure such debt when levied has priority over a trust deed subsequently issued.. 318

APPLICATION for writ of error to Court of Civil Appeals for Fifth District, in an appeal from Guadalupe County.

The plaintiff in error complains, that "the Court of Civil Appeals erred in its second conclusion of law in saying: 'There being no allegation in the issues tendered of fraud or collusion between the plaintiff and defendant in attachment, the appellant could not go behind the process and inquire into the validity of the debt upon which it was founded.' The case cited by the court to sustain this proposition is one in which judgment by default had already been rendered. The debt had become merged in the judgment. To assail a judgment—the highest order of indebtedness—fraud must be alleged. In this case there is no proof of judgment (none had been rendered), and for aught the court could know from the record there may never be a judgment for plaintiff in the attachment suit. Had there been a judgment for plaintiff in his attachment suit there might have been a necessity for the claimant to have alleged fraud or collusion between plaintiff and defendant in the attachment suit. But it is insisted that under the strictest rules of pleadings fraud is alleged. Fraud alleged in general terms without allegation of the facts constituting the fraud would not hold good under a general demurrer. When the facts alleged clearly imply fraud it is not necessary to specially allege it.

"One of the issues submitted by the defendant Saunders was, that when the plaintiff Ireland sued out the attachment he was not the

owner of the note sued on, and did not become the owner until after the levy was made. The proof shows this to be the fact.

"There are no regular pleadings in trials of the right of property. Issues are made up under the direction of the court. One of these issues was whether Ireland owned the note when he sued out the attachment. The court declines to inquire into this question because, it says, there is no allegation of fraud or collusion between the plaintiff and the defendant in the attachment suit.

"The trial court found as the law that Saunders had no standing in court in the proceeding, because he had released to Kempner & Dibbrell all rights acquired by him under his mortgage from Whitaker & Co. This property was mortgaged to Saunders by Whitaker & Co. He held it simply to secure a debt due him. One can not assign or mortgage an interest in property mortgaged to him to secure a debt without assigning the debt. The trial judge did not agree with the authorities cited (23 Texas, 561, and Story on Agency, section 14), but held the reverse. This erroneous view may have and doubtless did have an undue influence in his arriving at his decision.

"Had the case been tried before a jury and the court charged the law to be as in his third conclusion of law, a verdict for plaintiff would have been set aside, because the erroneous ruling might have influenced the jury in arriving at such verdict. The conclusions of a judge are certainly of [no] more sanctity than is the verdict of a jury.

"There are cases in which the law and the facts are so nearly related that it is impossible to draw the nice distinction between them. This appears to be such a case, especially so as to when the levy was made. The Court of Civil Appeals says 'the goods were seized by the sheriff under the attachment writ at 3:40 p. m., May 19th, and afterwards on same day Whitaker & Co. made the deed of trust to Saunders. Now, a levy is a question of both law and fact. The only instance of the levy is the statement of the sheriff that when Whitaker & Dibbrell, the two members of the firm of Whitaker & Co., were leaving the store to get the money to pay the debt, as the sheriff thought, the sheriff told them they could go, but to consider the goods levied on, and that he did then levy on the entire stock. That he waited awhile, and called a deputy and put him in charge, and went out and hunted up *Dunn*, an ex-sheriff, because he wanted a witness * * *.' The proof shows, that a suit was then pending in Galveston on the note Ireland sued out the attachment on, and that on that morning he had been cited to answer the suit, he being a joint maker with J. B. Whitaker, the other defendant, in the suit by W. L. Moody, the plaintiff, and of course Ireland, being surety, was anxious that Whitaker & Co. should pay the debt."

The finding of fact by the Court of Civil Appeals showed that Ireland as surety had paid the debt upon which he had been sued on the

day his attachment was sued out and levied, and that the deed of trust to Saunders was executed at a later hour of the same day.

*W. E. Goodrich,* for application.

GAINES, CHIEF JUSTICE.—As we understand the testimony of the defendant in the application, John Ireland had paid as surety for his principal the amount which he sought to recover of the latter at the time the writ of attachment was issued. We think he then had a right of action for the debt so paid. It is therefore unnecessary that we should decide whether or not the applicant was in a position to dispute the validity of his claim.

The application is refused.

*Application refused.*

Delivered November 22, 1894.